UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

DOMENIC AIELLO,

Defendant.

**ORDER**

18 Cr. 427 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On January 20, 2021, the Second Circuit remanded this case with instructions "to supplement the record with factual findings as to the applicability of the ten-victim enhancement" applied at sentencing pursuant to U.S.S.G. § 2B1.1(b)(2)(A).  (See Order (Dkt. No. 141) (2d Cir., No. 20-1069))  The Second Circuit directed that if this Court determines that there is not a factual basis for the ten-victim enhancement, it should vacate Aiello's sentence, recalculate his Guidelines range, impose a new sentence, and enter an amended judgment. Alternatively, if this Court concludes that there is a factual basis for the ten-victim enhancement, it should "reimpose the same sentence and supplement the record with factual findings as to its reasoning."  (Id.))

On February 24, 2021, this Court directed the Government to make a submission addressing the factual basis for application of the ten-victim enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A) and, if it determined that there was not an adequate factual basis for the ten-victim enhancement, to address what sentence should be imposed.  (Feb. 24, 2021 Sealed Order) The Court directed Defendant to respond to the Government's submission by March 8, 2021. (Id.)

In a February 26, 2021 letter, the Government reports that it cannot provide a factual basis for the ten-victim enhancement.  (Feb. 26, 2021 Govt. Ltr. (Dkt. No. 143) at 2)  Accordingly, the Government states that the Defendant should be resentenced pursuant to a revised Guidelines range.  (Id.)  In a March 5, 2021 letter, Defendant likewise states that a resentencing pursuant to a revised Guidelines range is necessary.  (Mar. 5, 2021 Def. Ltr. (Dkt. No. 144) at 6)

Given the Government's concession that it cannot demonstrate that the two-level enhancement for ten or more victims is applicable, the Judgment entered on March 24, 2020, is vacated and the Defendant will be resentenced. (Dkt. No. 131)

Defendant's resentencing will take place on **April 8, 2021, at 1:30 p**.**m.**  The Defendant will inform the Court by **April 1, 2021**, whether he consents to proceed by way of teleconference.[1]

In Defendant's March 5, 2021 letter, he seeks a sentence of time-served, based on his alleged rehabilitation over the past year and the risks a prison sentence would pose to his health in light of the COVID-19 pandemic.  (Mar. 5, 2021 Def. Ltr. (Dkt. No. 144))  Defendant argues that he suffers from medical conditions that place him at risk of "catastrophic health consequences . . . and possibly death" if he were to contract the COVID-19 virus in prison.  (Id.

---

[1]  In the event that the resentencing proceeds by teleconference, the procedure will be as follows. The parties will dial 888-363-4749 to participate, and enter the access code 6212642.  The press and public may obtain access to the proceeding by dialing the same number and using the same access code.  The parties should call in at the scheduled time and wait on the line for their case to be called.  At that time, the Court will un-mute the parties' lines.  Seven days before the resentencing, the parties must email Michael_Ruocco@nysd.uscourts.gov and GardepheNYSDChambers@nysd.uscourts.gov with the phone numbers that the parties will be using to dial into the proceeding so that the Court knows which numbers to un-mute.  The email should include the case name and case number in the subject line.

at 2)  Defendant's letter does not address whether he has received a COVID-19 vaccine or is scheduled to receive a vaccine in coming weeks.

By **April 1, 2021**, Defendant will submit a letter stating whether he has received a COVID-19 vaccine.  If Defendant has not been vaccinated by April 1, 2021, Defendant's letter will explain why he has not been vaccinated, and when he expects to be fully vaccinated.

In his April 1, 2021 letter, Defendant will provide what he contends are the applicable Guidelines calculations and sentencing range.  The Government will likewise submit a letter by April 1, 2021, setting forth what it now contends are the applicable Guidelines calculations and sentencing range.  In their April 1, 2021 letters, the parties will include any other information they believe is relevant to resentencing.

Dated: New York, New York
       March 11, 2021

SO ORDERED.

Paul G. Gardephe
United States District Judge

3